**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHIJUN WANG, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-73698 <br><br> Agency No. A099-723-723 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014**

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Shijun Wang, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

With respect to Wang's claim based on her alleged forced abortion, substantial evidence supports the agency's adverse credibility finding based on the omission of the abortion from her asylum application. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding."). With respect to Wang's religious persecution claim, substantial evidence supports the agency's determination that she failed to carry her evidentiary burden of proof. *See Ren v. Holder*, 648 F.3d 1079, 1093-94 (9th Cir. 2011) (setting forth analysis IJ must undertake before relying on lack of corroborative evidence). Accordingly, Wang's asylum claim fails.

Because she failed to establish eligibility for asylum, Wang necessarily failed to meet the more stringent standard for withholding of removal. *See id.* at 1094 n.17; *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

2                                                                    12-73698

Further, Wang's CAT claim also fails because she has not established that it is more likely than not that she would be tortured if removed to China. *See Ren*, 648 F.3d at 1094 n.17.

Finally, we lack jurisdiction to consider Wang's arguments that she is a member of a disfavored group or that she faces persecution or torture as a result of leaving China illegally, because she did not raise these issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Similarly, we lack jurisdiction to review Wang's unexhausted claim that she received ineffective assistance from her former attorney. *See Puga v. Chertoff*, 488 F.3d 812, 815-16 (9th Cir. 2007) (ineffective assistance of counsel claims must be raised in a motion to reopen before the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

12-73698